IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TABITHA JEAN MATTEI,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 21-1022<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 26th day of August 2022, the Court has considered the parties' motions for summary judgment and will award summary judgment in favor of Defendant. The agency's final decision wherein the Administrative Law Judge ("ALJ") denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1] In the ALJ's denial of Plaintiff's DIB application, he found Plaintiff to be capable of a reduced range of light work. (R. 19). In a decision denying an earlier DIB application filed by Plaintiff, another ALJ had found Plaintiff to be capable of only a limited range of sedentary work. (R. 83). Plaintiff argues the ALJ who adjudicated her most recent application failed to justify his departure from the previous sedentary-work residual functional capacity ("RFC"). Plaintiff argues that once she was found to be capable of only sedentary work, any subsequent deviation from that initial finding had to be justified by evidence showing a change in her condition. This Court previously rejected a substantially similar argument, *Krokus v. Colvin*, No. CIV.A. 13-389, 2014 WL 31360 (W.D. Pa. Jan. 2, 2014), and finds the ALJ's decision, including the light-work RFC finding, is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's motion for summary judgment.

    The ALJ's findings of fact are reviewed for substantial evidence, and the Court has plenary review as to questions of law. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is described as "more than a mere scintilla," *i.e.*, the amount of evidence that would content a "reasonable mind." *Biestek*, 139 S. Ct. at 1154 (citations omitted). ALJs assess disability pursuant to a five-step regulatory evaluation: (1) they

ask whether the claimant is engaged in "substantial gainful activity;" (2) they identify the claimant's severe, medically determinable and durationally sufficient physical or mental impairment(s); (3) they evaluate whether a claimant's impairment or combination of impairments meets or equals the criteria for an impairment listed at 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) they determine a claimant's RFC and ask whether it would permit return to past relevant work; and (5) they ask whether a claimant who cannot return to past work can adjust to other available work with his or her RFC, age, education, and work experience. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citing 20 C.F.R. § 404.1520).

In this matter, the ALJ found Plaintiff had not engaged in substantial gainful activity from April 26, 2019 (the alleged onset date) to December 31, 2019 (her date last insured), *i.e.*, the relevant period. (R. 17).  The ALJ found Plaintiff suffered from four severe impairments: degenerative disc disease, opioid dependency, major depressive disorder, and generalized anxiety disorder. (*Id.*).  None of these impairments, nor any combination of them, were found to meet or equal the criteria for a presumptively disabling impairment. (R. 18).  To assess Plaintiff's ability to perform past work, the ALJ formulated her RFC and, therein, found Plaintiff to be capable of light work with several added physical and mental limitations, *e.g.*, "never climbing ladders, ropes, or scaffolds." (R. 19).  Though this RFC would not permit Plaintiff's return to her previous work as a nurse assistant, the ALJ found Plaintiff could work as a small parts assembler, inspector and hand packager, and a shipping/receiving weigher. (R. 22—23). These three occupations corresponded to a significant number of available jobs nationally; accordingly, the ALJ found Plaintiff was not disabled. (R. 23).

Plaintiff challenges the ALJ's light-work RFC finding, arguing that the ALJ should not have departed from a prior ALJ's sedentary-work RFC finding without citing evidence showing an improvement in Plaintiff's condition supporting that change.  For her argument, she relies on the United States Court of Appeals for the Fourth Circuit's rationale in *Lively v. Sec'y of Health & Hum. Servs.*, 820 F.2d 1391 (4th Cir. 1987) and *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), as well as the Social Security Administration's ("SSA") Acquiescence Ruling ("AR") 00-1(4), 2000 WL 43774 (S.S.A. Jan. 12, 2000), explaining the effect of those decisions for claimants residing in Maryland, North and South Carolina, Virginia, and West Virginia.  Explaining its decision in *Lively*, in *Albright* the Fourth Circuit explained that it would be rare that a subsequent ALJ's RFC finding would be found to be supported by substantial evidence if the exertion requirement therein exceeded the exertion requirement in a prior RFC finding.  174 F.3d at 477—78.  In *Lively* the claimant was found to be not disabled based on a light-work RFC.  *Albright*, 174 F.3d at 475 (citation omitted).  Just two weeks later, he turned fifty-five, "triggering a potential change of result with regard to the ultimate question of his disability."  *Id.* (citation omitted).  When he applied for benefits two years later, he was found to be capable of work at the medium exertional level and, therefore, was found to be not disabled again.  *Id.* (citation omitted).  The Fourth Circuit reversed that decision because "it was 'utterly inconceivable that [Lively's] condition had so improved in two weeks as to enable him to perform medium work.'"  *Id.* (citing *Lively*, 820 F.2d at 1392).  The Fourth Circuit cautioned that

this "bait-and-switch" approach to disability determinations would be "reasonably perceived as unjust and fundamentally unfair" if ratified by the courts. *Id.* at 478.

In AR 00-1(4), the SSA summarized *Lively* and *Albright* and explained that ALJs are not beholden to initial findings; rather, when considering a claimant's alleged disability for a "previously unadjudicated period," ALJs must "consider . . . a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances." 2000 WL 43774, at *4. To that end, the SSA provided an inexhaustive list of factors relevant to a prior finding's weight:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

*Id.* Pursuant to the rationale articulated in *Lively*, *Albright*, and AR 00-1(4), Plaintiff has argued that the ALJ erred in his departure from the previous sedentary-work RFC because he "pointed to nothing in the medical record that would support a finding of medical improvement in the Plaintiff's condition, which would demonstrate different limitations in the Plaintiff's physical abilities in the 24-hour period between April 25, 2019 and April 26, 2019." (Doc. No. 13, pg. 6).

The Court, however, is unpersuaded that the ALJ erred in his consideration of and deviation from the previous ALJ's findings. Plaintiff concedes that the United States Court of Appeals for the Third Circuit has not adopted the Fourth Circuit's rationale. *Krokus*, 2014 WL 31360, at *1 n.1. Further, this Court has considered the question raised in this matter in *Krokus* wherein the Court decided that "a subsequent ALJ is not bound by the RFC findings of a previous ALJ for a later period." *Id.* Instead, a previous ALJ's findings are relevant evidence to be considered along with all the other relevant evidence. *Id.* In this case, the ALJ "considered the prior [ALJ] decision" and found its "probative value . . . is outweighed by the subsequent evidence submitted, which demonstrates some different limitations in the claimant's abilities, accounted for herein." (R. 22). He thus found the prior decision was "partially persuasive." (*Id.*). His review of the other relevant evidence—Plaintiff's testimony, objective medical evidence, and medical opinion/prior administrative medical findings evidence—shows how the evidence available for the ALJ's consideration in this instance supported an RFC finding that included light instead of sedentary work. For instance, the ALJ found the state agency medical consultants' findings to be partially persuasive. (R. 21). Dr. Prosperi and Dr. Kar both found Plaintiff would be limited to light work with postural and environmental limitations. (*Id.*). Dr. Prosperi found Plaintiff to be capable of standing and/or walking with normal breaks for, total, "[a]bout 6 hours in an 8-hour workday" despite her "chronic low back pain[,] degenerative disc

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/ Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record

---

disease lumbar spine[, and] obesity." (R. 57). The ALJ largely agreed with these assessments, but included several additional limitations based on his review of the objective evidence. (R. 21). In further support of the light-work RFC, the ALJ explained that he had considered Plaintiff's testimony about lying down six to eight hours daily for pain and that her condition had gotten worse. (R. 20). However, he found this was not borne out by the objective medical evidence showing Plaintiff reported 7/10 pain in April 2019, but 5/10 pain in May 2019. (*Id.*). Her records throughout 2019 showed that her pain was frequently 5/10 or 6/10, that Plaintiff had a normal gait, and 5/5 strength. (*Id.*). Plaintiff's reported pain went back up in January 2020 to 8/10, but at that time her lumbar MRI "showed mild multilevel spondylosis and degenerative disc disease with no areas of high-grade stenosis." (*Id.*; R. 476).

This thorough explanation of the evidence shows that the ALJ's light-work RFC finding is supported by substantial evidence. The ALJ's review of the evidence showed decreased reported pain from May 2019 through Plaintiff's date last insured. That evidence, the other objective evidence, and Dr. Prosperi and Dr. Kar's findings are sufficient to satisfy a reasonable mind that Plaintiff was capable of performing work at the light exertional level. The Court is sensitive to fairness concerns and, like the *Albright* court, is cautious not to give judicial approval to any results-oriented deviations from prior agency findings. But where, as here, the ALJ acknowledged his departure from the prior ALJ's RFC and cited substantial evidence to support his finding, the Court finds no error.